UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Yuyang Li, | ) | C/A No. 3:26-cv-02000-SAL-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Joseph B. Edlow, | ) | |
| Defendant. | ) | |
| | ) | |

Yuyang Li ("Plaintiff"), proceeding *pro se*, commenced this action by filing a Petition for Writ of Mandamus (the "Petition") seeking to compel Defendant to process his I-485 Application. ECF No. 1.  Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) D.S.C., the undersigned United States Magistrate Judge is authorized to review such petitions for relief and submit findings and recommendations to the district court.  This action is subject to summary dismissal.

**BACKGROUND**

Plaintiff makes the following allegations.  ECF No. 1.  Plaintiff purports to bring this action to challenge Defendant's "unreasonable delay in adjudicating Plaintiff's asylum-based Adjustment of Status Application (I-485)." *Id.* at 1.  Plaintiff contends the Court has federal question jurisdiction over the action based on 28 U.S.C. § 1361 (the "Mandamus Act")[1] and because he

---

[1] The Mandamus Act provides that "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," and "may issue all writs necessary or appropriate . . . and agreeable to usages and principles of law."  28 U.S.C. §§ 1361, 1651.

1

seeks judicial review under the Administrative Procedure Act (the "APA"), 5 U.S.C. § 701, et. seq.[2]  *Id.*

Plaintiff is a native and citizen of the People's Republic of China who is presently in the United States as an asylee.  *Id.* at 2.  Defendant is the Director of the United States Citizenship and Immigration Services ("USCIS") and is charged with administering the USCIS by implementing and enforcing the Immigration and Nationality Act (the "INA"), including administration of immigration benefits and services, such as processing asylum-based immigration applications.  *Id.*  Plaintiff was granted asylee status by an immigration judge in California.  *Id.*  Plaintiff filed an I-485 Application to Adjust to Permanent Resident Status (application receipt number MSC2590063431) on October 21, 2024.  *Id.*  Plaintiff has contacted USCIS multiple times regarding his I-485 case status and informed the USCIS that his case was outside normal processing time.  *Id.* at 3.  However, USCIS informed Plaintiff that his case was still pending adjudication.  *Id.*  Plaintiff has made inquiries about the status of his case, but USCIS "is unable to provide Plaintiff a clear time frame to make a decision on his I-485."  *Id.*  Plaintiff alleges that he has exhausted all available administrative remedies.  *Id.*

Plaintiff seeks relief for the delay in adjudicating his I-485 application.  *Id.*  Plaintiff contends that Defendant has a duty to complete processing Plaintiff's I-485 within a reasonable time and that processing an I-485 is not discretionary.  *Id.*  Plaintiff contends the Court has the

---

[2] The APA requires that "within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b).  Pursuant to section 706 of the APA, a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  However, the APA only empowers courts to compel agency action where the challenged action is "ministerial or non-discretionary."  *See Vt. Yankee Nuclear Power Corp. v. Nat'l Res. Def. Council, Inc.*, 435 U.S. 519, 546 (1978).

power under the APA to compel agency action which has been unlawfully or unreasonably withheld or delayed. *Id.* Plaintiff asserts that his I-485 has been unreasonably and unlawfully delayed, such that he has suffered and continues to suffer irreparable harm and damages. *Id.* at 4. Plaintiff asks the Court to issue a writ of mandamus to compel Defendant to process Plaintiff's I-485 in an expeditious manner, without any further delay. *Id.*

## STANDARD OF REVIEW

**Screening and Liberal Construction of *Pro Se* Filings**

A careful review has been made of the *pro se* Petition under established local procedures in this judicial district.[3] Because Petitioner is a *pro se* litigant, the pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

The Court possesses the inherent authority to review a *pro se* complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the complaint is not subject to the prescreening provisions of 28 U.S.C. § 1915. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory

---

[3] Because Plaintiff is a non-prisoner litigant and has paid the full filing fee of $405, the Court does not have screening authority under 28 U.S.C. § 1915 or § 1915A.

provision."); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.") (citations omitted); *see also Fitzgerald v. First E. Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee[.]"); *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989) ("[A] district court's obligation to review its own jurisdiction is a matter that must be raised *sua sponte*, and it exists independent of the 'defenses' a party might either make or waive under the Federal Rules."); *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) (providing a judge may dismiss an action *sua sponte* for lack of subject matter jurisdiction without issuing a summons or following other procedural requirements).

**Jurisdiction**

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]"

Generally, federal district courts have original jurisdiction over two types of cases, referred to as (1) federal question cases, pursuant to 28 U.S.C. § 1331, and (2) diversity cases, pursuant to 28 U.S.C. § 1332. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[F]ederal question jurisdiction exists 'only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint.'" *Burbage v. Richburg*, 417 F. Supp. 2d 746, 749 (D.S.C. 2006) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

**Mandamus Relief**

Writs of mandamus are drastic remedies to be used only in extraordinary circumstances. *Kerr v. United States Dist. Court*, 426 U.S. 394, 402 (1976); *In re Vargas*, 723 F.2d 1461, 1468 (10th Cir. 1983); *see In re Cox*, 441 F. App'x 145 (4th Cir. 2011). Further, such relief is only available when there are no other means by which the relief sought could be granted and may not be used as a substitute for appeal. *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987); *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007). The party seeking mandamus relief carries the heavy burden of showing that her entitlement to such relief is clear and indisputable. *Mallard v. United States Dist. Court*, 490 U.S. 296, 309 (1989); *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S.

5

33, 35 (1980); *see United States v. Moussaoui*, 333 F.3d 509, 517 (4th Cir. 2003).  The United States Court of Appeals for the Fourth Circuit has held that

> [t]he party seeking a writ of mandamus must satisfy the conditions of a rigorous test, demonstrating each and every one of the following requirements: (1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances.

*In re Braxton*, 258 F.3d 250, 261 (4th Cir. 2001) (citing *United States ex rel. Rahman v. Oncology Assocs., P.C.*, 198 F.3d 502, 511 (4th Cir. 1999)).

### DISCUSSION

Plaintiff alleges the Court has federal question jurisdiction under the Mandamus Act and the APA.  ECF No. 1 at 1–2.  However, cases decided within this District have concluded that the INA expressly divests the district court of subject matter jurisdiction over claims concerning a processing delay by USCIS.  *See Dosmetova v. U.S. Citizenship & Immigr. Servs.*, C/A No. 3:24-cv-7409-SAL-PJG, 2025 WL 1663661, at *2 (D.S.C. Feb. 7, 2025) (finding § 1252(a)(2)(B)(ii) precluded judicial review of substantially similar claim to the one asserted in the present case, and summarily dismissing complaint for lack of jurisdiction, and noting "this District has generally found that the [INA] expressly divests the court of subject matter jurisdiction over claims concerning a processing delay by USCIS"); *Szelinger v. United States Citizenship & Immigr. Servs.*, C/A No. 6:25-cv-00706-BHH-KFM, 2025 WL 1727283, at *3 (D.S.C. Mar. 5, 2025) ("[C]ourts within this district have found that 8 U.S.C. § 1252(a)(2)(B)(ii) precludes judicial review of the entire application process, including its pace."), *R&R adopted by* 2025 WL 1727263 (D.S.C. June 20, 2025); *Rashford v. Garland*, C/A No. 2:24-cv-4429-BHH-MGB, 2024 WL

4437727, at 2-3 (D.S.C. Sept. 17, 2024) (same), *R&R adopted by* 2024 WL 4433420 (D.S.C. Oct.

7, 2024); *Chen v. Mayorkas*, C/A No. 8:23-315-HMH-JDA, 2023 WL 2313633, at *3 (D.S.C. Feb.

3, 2023) (same); *see also* 8 U.S.C. § 1252(a)(2)(B)(ii) (providing that "no court shall have

jurisdiction to review" any discretionary "decision or action" made by the Attorney General or

Secretary of Homeland Security in relation to certain immigration issues, including the

"adjustment of an alien's status").[4]

In *Chen*, the Court analyzed a case that presented nearly identical allegations to those in

the present case and stated in relevant part:

> Plaintiff's allegations in the Complaint are insufficient to establish
> subject matter jurisdiction in this Court. "Congress [has] stripped
> courts' jurisdiction over discretionary 'decision[s] or action[s]'
> made by the Attorney General or Secretary of Homeland Security
> that relate to certain immigration issues." *Zhang v. Chertoff*, 491 F.
> Supp. 2d 590, 591–92 (W.D. Va. 2007) (some alterations in
> original) (quoting 8 U.S.C.A. § 1252(a)(2)(B)(ii)). "The adjustment
> of an alien's status is, by law, such an immigration issue left to the
> discretion of the Attorney General." *Id.* (citing 8 U.S.C.A. §
> 1255(a)). In evaluating claims similar to the present case, courts
> have held that § 1252(a)(2)(B)(ii) divests the federal district courts
> of jurisdiction over such claims because § 1255(a) gives "USCIS

---

[4] The undersigned agrees with the sound reasoning of the cases cited herein, particularly those cases decided within the District of South Carolina. Moreover, other district courts within the Fourth Circuit have reached the same conclusion. *See, e.g., Kotolupova v. Garland*, C/A No. 5:24-cv-198-BO-BM, 2024 WL 4547007, at *2 (E.D.N.C. Oct. 22, 2024) ("[T]he Court finds that the pace at which USCIS is adjudicating plaintiff's Form I-485 falls within the confines of a discretionary agency action; one which this Court is jurisdictionally barred from reviewing under § 1252(a)(2)(B)(ii)."); *Abu Shamla v. Alfonso-Royals*, C/A No. 7:25-cv-1136-D, 2025 WL 2046408, at *2 (E.D.N.C. July 7, 2025) ("[B]ecause the pace of action on Plaintiff's I-485 application is considered a discretionary decision, judicial review, and in turn mandamus relief, are unavailable."), *R&R adopted by* 2025 WL 2043991 (E.D.N.C. July 21, 2025). Nevertheless, there is a split of authority on this issue. *See, e.g., Aslam v. Mukasey*, 531 F. Supp. 2d 736, 740 (E.D. Va. 2008) (discussing the conflicting authority and finding the court had jurisdiction); *Roka v. Noem*, C/A No. 4:25-cv-1697-RWS, 2026 WL 1077441, at *6 (E.D. Mo. Apr. 21, 2026) ("a growing number of district courts have arrived at the opposite conclusion and exercised jurisdiction based on various grounds").

discretion over the entire application process, including its pace." *Id.* at 594; *see also Patel v. Gonzales*, No. DKC 2007-1625, 2008 WL 11509689, at *3 (D. Md. Mar. 31, 2008) (explaining discretionary actions include the entire process of viewing an adjustment application, including the pace at which the process proceeds and holding that 8 U.S.C. § 1252(a)(2)(B)(ii) effectively divests th[e] court of jurisdiction to review the pace at which USCIS adjudicates claims"); *Baqai v. Chertoff*, No. DKC 2007-0322, 2008 WL 11509718, at *4 & n.5 (D. Md. Mar. 28, 2008) ("A growing number of trial courts have dismissed similar actions for lack of subject matter jurisdiction, under the rationale that 8 U.S.C. §§ 1255(a) and 1252(a)(2)(B)(ii), of the [INA], preclude judicial review of any discretionary 'decision or action' of the Attorney General in immigration matters, including the pace of review of an I-485 application.") (collecting cases); *Shalev v. Gonzales*, No. PJM-07-cv-256, 2007 WL 9782605, at *1 (D. Md. Sept. 24, 2007) ("A district court is precluded from exercising jurisdiction to compel USCIS to adjudicate the I-485 application under the mandamus statute, the [APA], or the Declaratory Judgment Act.").

> In sum, § 1255(a) vests USCIS with discretion over the *entire* process of adjustment application adjudication. As such, § 1252(a)(2)(B)(ii) precludes judicial review of any "action," meaning any act or series of acts, included within the ongoing adjudication process and the pace at which that action proceeds.
>
> This conclusion sufficiently disposes of this matter on jurisdictional grounds.

*Safadi v. Howard*, 466 F. Supp. 2d 696, 700 (E.D. Va. 2006).

*Chen v. Mayorkas*, C/A No. 8:23-cv-00315-HMH-JDA, 2023 WL 2313633, at *3 (D.S.C. Feb. 3, 2023), *R&R adopted by* 2023 WL 2308513 (D.S.C. Mar. 1, 2023). This analysis also applies in the present case. Accordingly, because the Court lacks subject matter jurisdiction, this action should be dismissed.

Additionally, neither the Mandamus Act nor the APA restore or separately create subject matter jurisdiction. The Mandamus Act provides that "district courts shall have original

jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, mandamus cannot be used to compel the performance of discretionary duties of federal government officers as it will lie only to compel ministerial acts. *Plato v. Roudebush*, 397 F. Supp. 1295, 1304–05 (D. Md. 1975); *Rashford,* 2024 WL 4437727, at 3 (D.S.C. Sept. 17, 2024), *R&R adopted by* 2024 WL 4433420 (D.S.C. Oct. 7, 2024). A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. *See Garcia v. United States Att'y Gen.*, C/A No. 8:23-cv-3501-JFA-JDA, 2023 WL 7224436, at *2 (D.S.C. Aug. 1, 2023) (referencing *Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984)), *R&R adopted by* 2023 WL 6619424 (D.S.C. Oct. 11, 2023), *appeal dismissed*, No. 23-7112, 2024 WL 1926204 (4th Cir. Feb. 23, 2024). Additionally, Section 1252(a)(2)(B) of the INA specifically precludes judicial review "notwithstanding any other provision of law . . ., including . . . section[] 1361[the Mandamus Act] . . . ." As such, the Mandamus Act cannot be used as a basis for review when Congress expressly included it in the bar of jurisdiction.

Similarly, the APA permits a court to compel agency action only when the agency has failed to take a discrete, non-discretionary action that it is required by law to take. *See Gonzalez v. Cuccinelli*, 985 F.3d 357, 366 (4th Cir. 2021) ("[W]here an agency is *not required* to do something, we cannot compel the agency to act—let alone to act faster.") (emphasis in original); *see also* 5 U.S.C. § 701(a)(2) (stating that this chapter does not apply to "agency action that is committed to agency discretion by law"). Additionally, the APA does not apply where "statutes preclude judicial review." 5 U.S.C. § 701(a)(1). Because the INA gives USCIS discretion over

the entire application process, including its pace, and the INA precludes judicial review, the APA does not provide a basis of review of the claim at issue.

As noted above, even though USCIS may have a non-discretionary duty to adjudicate an application for permanent residence status, the pace of processing such an application is considered to be discretionary.  Therefore, the Mandamus Act and APA do not allow this Court to compel the pace or timing of agency action in response to Plaintiff's claims of unreasonable delay.  *See, e.g.*, *Shalev v. Gonzales*, C/A No. 8:07-cv-256-PJM, 2007 WL 9782605, at *1 (D. Md. Sept. 24, 2007) ("A district court is precluded from exercising jurisdiction to compel USCIS to adjudicate the I-485 application under the mandamus statute, the [APA], or the Declaratory Judgment Act."); *Safadi*, 466 F. Supp. 2d at 700 (finding that citations to Mandamus Act and APA could not establish subject matter jurisdiction because USCIS does not owe a "clear nondiscretionary duty" to process an adjustment of status application "at any particular pace or speed").

## <u>RECOMMENDATION</u>

For the reasons above, it is recommended that this action be **DISMISSED** for lack of subject matter jurisdiction.[5]

IT IS SO RECOMMENDED.

s/William S. Brown
United States Magistrate Judge

May 21, 2026
Greenville, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

---

[5] The undersigned finds that Plaintiff cannot cure the defects in the Complaint by mere amendment and therefore recommends that the instant action be dismissed without affording Plaintiff an opportunity to amend. Specifically, any amendment would be futile as the Plaintiff is unable to cure the jurisdictional defects of his claims. *See Thomas v. Drive Auto. Indus. of Am., Inc.*, No. 6:18-cv-169-AMQ, 2018 WL 5258811, at *2 (D.S.C. July 25, 2018) (declining to automatically give plaintiff leave to amend because plaintiff could not cure the defects in his claims against defendant by mere amendment), *R&R adopted by* 2018 WL 5255183 (D.S.C. Oct. 22, 2018); *Workman v. Kernell*, No. 6:18-cv-00355-RBH-KFM, 2018 WL 4826535, at *2 (D.S.C. Oct. 2, 2018), *aff'd*, 766 F. App'x 1 (4th Cir. 2019).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

12